IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA,**

v.  **Criminal Case No. 3:22cr155**

**INDIA B. CLAY,**

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant India Clay's *pro se* Motion to Modify Terms of Home Incarceration (the "Motion"). (ECF No. 42.) In the Motion, Ms. Clay seeks "modification of the terms of her Home Incarceration" to "more closely resemble her actual incarceration." (ECF No. 42, at 1, 3.) In particular, Ms. Clay seeks "to be gainfully employed while on home incarceration." (ECF No. 42, at 3.) Ms. Clay seeks "that the terms of her incarceration should be moved to 'home confinement' as opposed to home incarceration." (ECF No. 42, at 5.)

In response to this Court's March 28, 2024 Order, (ECF No. 43), the Government responded in opposition. (ECF No. 44.) Ms. Clay replied. (ECF No. 45.)

For the reasons stated below, the Court will grant in part and deny in part the Motion. (ECF No. 42.)

### I. Factual and Procedural Background

#### A. Factual Background

"In the early morning hours of May 29, 20021, member[s] of the Petersburg Bureau of Police responded to a single car accident in which an individual, later identified as . . . [Ms.] Clay, had hit a telephone pole." (ECF No. 22, at 2.) During the subsequent investigation, a

detective "noticed the outline of a firearm tucked into the lower part of [Ms. Clay's] pant leg." (ECF No. 22, at 2.) Law enforcement officers recovered "a loaded Taurus PT 145 Pro, 45 caliber semi-automatic pistol" from Ms. Clay. (ECF No. 22, at 2.) Ms. Clay knew that she had previously been convicted of a crime punishable by imprisonment for a term exceeding one year,[1] and she knowingly possessed a firearm. (ECF No. 22, at 1.)

B. **Procedural Background**

On October 18, 2022, the United States filed a single count indictment against Ms. Clay for violating 18 U.S.C. § 922(g)(1), Possession of a Firearm by a Convicted Felon. (ECF No. 1.) On May 17, 2023, Ms. Clay pleaded guilty to Count 1 of the Indictment. (ECF Nos. 20, 21.)

At sentencing on August 30, 2023, the Government and Ms. Clay jointly recommended a downward variance to eighteen (18) months' imprisonment, with six months' active jail time and the remainder served on home incarceration. (ECF No. 34, at 1; ECF No. 36, at 1.) This joint recommendation was based on Ms. Clay's expression of "sincere regret for her actions" and indications that she is "prepared to change the direction of her life" with "the support of her wife and family." (ECF No. 34, at 4, 6; ECF No. 36, at 4, 6.)[2] The Court sentenced Ms. Clay to a

---

[1] In 2007, Ms. Clay was convicted of Robbery and Firearm: Use in Commission of Felony. (ECF No. 31 (hereinafter, "PSR") ¶ 41.) During the robbery, Ms. Clay physically stopped a Virginia Commonwealth University student walking home from the library and "put her back against the wall" while a second individual "stepped out from behind the parked vehicle and brandished a shotgun at the victim." (PSR ¶ 41.) During the robbery, Ms. Clay "used her fist and struck [the victim] in the face two or three times." (PSR ¶ 41.)

[2] To that effect, the PSR included a letter that Ms. Clay wrote detailing her remorse and her determination to move forward. It reads, in relevant part:

> I'm determined to move on from the bad decisions I've made, to live as a law-abiding, tax-paying citizen. . . . Something went wrong for me to delude myself into believing community rules, ordinances, and laws didn't apply to me the day of my arrest. . . . For the rest of my life, I'll work hard to reconcile with society. . . . No matter what the situation I was wrong. I should never have touched the

2

term of 6 months' imprisonment in the Bureau of Prisons, followed by 195 days of home incarceration, and three years of supervised release. (ECF No. 39, at 1, 3, 5.)

On January 29, 2024, Ms. Clay was released from the Bureau of Prisons and began her term of home incarceration. (ECF No. 44, at 1.) On February 21, 2024, Ms. Clay filed her *pro se* Motion to Modify Terms of Home Incarceration. (ECF No. 42.)

## II. Argument

In the Motion, Ms. Clay argues that she is "only seeking [a] slight modification of the exact terms of home incarceration to allow her to transition back into society." (ECF No. 42, at 6.) Namely, Ms. Clay seeks to modify the terms to allow her to obtain employment, attend approved doctors and legal appointments, engage in outdoor activities, attend religious services, attend gym and personal grooming appointments, and engage in pre-approved activities. (ECF No 42, at 3–4.) In support of the Motion, Ms. Clay avers that she "is contemplating . . . filing for Bankruptcy Protection under Chapter 13 of the Federal Bankruptcy Statute" because she "cannot work or otherwise earn money." (ECF No. 42, at 5.) Ms. Clay states that she seeks this modification "to allow her to transition back into society." (ECF No. 42, at 6.)

In its Response, the Government "opposes any modification to the sentence this Court imposed." (ECF No. 44, at 7.) The Government argues that Ms. Clay already received a break when, instead of the jointly recommended sentence of 6 months' incarceration in the Bureau of

---

> gun. I knew the law and I was not supposed to be around firearms. . . . I can't rewrite history but I can write my future from here on. . . . I appreciate the help of my loved ones and friends. . . . I will continue to rebuild my life and stay away from alcohol and firearms. . . . I take full responsibility in committing this crime. I know I have made terrible decisions in my past. My family has suffered . . . . I am willing to do what it takes to rebuild my life with my family while abiding by the law.

(PSR ¶¶ 13–20.)

3

Prisons and 12 months of home confinement, the Court "elected instead to provide Ms. Clay with . . . a term of 6 months' incarceration in the Bureau of Prisons, followed by a term of 195 days of home confinement." (ECF No. 44, at 2.) The Government states that although Ms. Clay "claims her home incarceration is simply too confining", "that is what it is supposed to be." (ECF No. 44, at 4.) The Government notes that she has access to many comforts and privileges within her home that she could not access while incarcerated in the Bureau of Prisons. (ECF No. 44, at 4–5.) The Government observes that the existing terms of her home incarceration allow her "to attend medical appointments and court hearings, as well as other matters with the approval of her probation officer." (ECF No. 44, at 3.) Regarding Ms. Clay's request to work, the Government avers that while "it is certainly admirable" that she wants to work, "this is not what the United States envisioned when it agreed to recommend a period of home incarceration." (ECF No. 44, at 5.) The Government states that "Ms. Clay's home incarceration is scheduled to conclude . . . on August 12, 2024." (ECF No. 44, at 3.)

In her Reply, Ms. Clay avers that she previously filed for Chapter 13 Bankruptcy on June 23, 2023,[3] and wishes to "be allowed to find gainful employment to save her house and living situation." (ECF No. 45, at 2, 4.) Noting that in her Motion she initially requested other modifications, Ms. Clay reiterated that her "main concern is that she be allowed to work," and "[t]he ability to find employment . . . is the only real liberty that Ms. Clay is seeking." (ECF No. 45, at 4.)

---

[3] The Court notes the apparent discrepancy wherein Ms. Clay avers in her Motion that she "is contemplating . . . filing for Bankruptcy Protection under Chapter 13," (ECF No. 42, at 5), but attests in her Reply that she previously filed for Chapter 13 Bankruptcy on June 23, 2023, (ECF No. 45, at 2).

4

### III. Discussion

The Court previously showed Ms. Clay leniency in imposing a sentence that was six months shorter than the jointly recommended sentence of 6 months' imprisonment in the Bureau of Prisons followed by 12 months of home incarceration. This sentence was itself a substantial downward variance from Ms. Clay's guidelines range of 30 to 37 months, or 27 to 33 months pursuant to the November 2023 821 Amendments. In imposing a sentence of 6 months' imprisonment in the Bureau of Prisons followed by 6 months of home incarceration, followed by 3 years of supervised release, the Court carefully considered the sentencing factors set forth at 18 U.S.C. § 3553(a).

The Court commends Ms. Clay for her desire to work and understands that terms of incarceration often result in significant financial consequences. The Court considers these collateral consequences in fashioning or modifying a sentence. All parties desire to see Ms. Clay successfully re-integrate following her term of home incarceration, and the Court recognizes that Ms. Clay's rehabilitation will be better served if she is able to obtain employment and secure her housing situation. Ms. Clay has conformed with all expectations of her in her pre-sentencing home incarceration, her time spent in the Bureau of Prisons, and the several months that she has spent on home incarceration to date. For these reasons, the Court will grant in part Ms. Clay's Motion to the extent that it seeks a modification that permits her to obtain employment, subject to the approval and verification of such employment and job-search activities (to include interviews) by Ms. Clay's probation officer. (ECF No. 42.)

However, the Court cautions Ms. Clay that she must adhere strictly to the conditions set by her probation officer and that further requests for modification will not be granted. Home incarceration is indeed a component of her sentence, and this modification to permit her to obtain

5

permit her to obtain employment is limited to that condition only. Ms. Clay may not take advantage of the broader benefits and privileges of non-incarcerated society, such as yardwork, religious services, barber shops, or gyms until the conclusion of her term of home incarceration. For these reasons, the Court will deny Ms. Clay's Motion to the extent that it seeks modifications beyond the ability to obtain employment.

## IV. Conclusion

For the foregoing reasons, the Court will GRANT IN PART and DENY IN PART the Motion. (ECF No. 42.)

An appropriate Order shall issue.

Date: 05/06/2024
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge